Melissa Kay Resendez aka Melissa Kay Davis v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-188-CR

     MELISSA KAY RESENDEZ
     A/K/A MELISSA KAY DAVIS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 1999-619-C
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Melissa Kay Resendez, a/k/a Melissa Kay Davis, was indicted for the murder of her husband,
Michael Davis. Davis was found dead in Cameron Park, Waco, Texas. He had been shot with
a firearm four times and sustained wounds in the back of his head and in his back. Resendez
contended at trial that she shot Davis in self-defense because he had attempted to sexually assault
her. Resendez was convicted of murder and sentenced to 35 years in prison. We affirm.
      In her first issue, Resendez contends that her rights to equal protection and due process were
violated when the State asked questions concerning the race of the men with whom she had
relationships. At trial, the State asked Detective John Rozysky about the identity of Resendez’
boyfriend. He replied, “Kevin Willis.” The State then asked:
      Q.  And the race of Mr. Willis?
When Resendez took the stand, the State, on cross-examination, asked:
      Q.  You admit having sexual relations with Ron McClain, a 41 year old black male that you
saw testify here today?
***
      Q.  Did you go with a white man on that occasion?
Resendez did not object to the first or second question by the State. When she objected to the
third question as to the relevance of the race of anyone with whom she had sexual relations, the
trial court sustained the objection. The court also instructed the jury “to disregard the last
statement of counsel for any purpose whatsoever.” Resendez did not pursue this objection to an
adverse ruling as required. See Anderson v. State, 932 S.W.2d 502, 507 (Tex. Crim. App. 1999).
      On appeal, Resendez argues that the State’s questions were nothing more than attempts to
“appeal to ethnic prejudice” and were error. She contends that the error in asking those questions
was fundamental and systemic and required no objection. The Court of Criminal Appeals has
recently spoken on this issue. See Brooks v. State, 990 S.W.2d 278 (Tex. Crim. App. 1999). In
Brooks, the defendant complained that a witness’s testimony was elicited to appeal to the potential
racial prejudices of the jury. The defendant also did not object to the testimony. The Court of
Criminal Appeals held that because the defendant did not object, nothing was preserved for
review, and the issue was overruled. Id. at 286. Regardless of how we may have decided the
issue if presented to us as an issue of first impression, we are bound to follow the precedent set
by the Court of Criminal Appeals. Resendez has presented nothing for our review because she
did not object to the State’s questions and did not pursue the one objection to an adverse ruling. 
See id. Her first issue is overruled.
      In her second issue, Resendez complains that the judgment and sentence incorrectly reflect
that the court found that a deadly weapon had been used in the commission of the offense. At oral
argument, Resendez and the State agreed that the jury, not the court, made the deadly weapon
finding and that modification of the judgment to reflect the jury’s determination was the most that
was necessary. We sustain Resendez’ second issue and modify the judgment to reflect that the
jury found a deadly weapon was used in the commission of the offense. See Tex. R. App. P.
43.2(b).
      The trial court’s judgment is affirmed as modified.
 
                                                                   TOM GRAY
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Vance dissenting)
Affirmed as modified
Opinion delivered and filed June 27, 2001
Publish



/p>








 

[OT06]